# TALBOT *v.* MONELL.

PATENTS; INTERFERENCE; BURDEN OF PROOF; APPEALS.

1. The appellant in this court in an interference case has a double burden of proving his case beyond a reasonable doubt, where his application was filed in the Patent Office after the issue of a patent to his adversary, and where the decisions of all of the tribunals of the Patent Office have been against him.
2. Where one of the parties to an interference adopted the claims and specifications of his adversary to whom a patent had been issued, as his own, and introduced them in his own application, it is proper to construe the issues of the interference thereupon declared in the light of the specifications from which they were thus taken.
3. Where it appears that one of the parties to an interference, who claims to have been in possession of the invention for ten years, during that time made no effort to patent it although he patented other processes, and that he ridiculed his adversary's process, the invention of the issue, as impractical, and yet, after the grant of a patent to the latter, copied it, and obtained an interference, such conduct on his part will be held to discredit his claim to priority of invention.

No. 234.   Patent Appeals.   Submitted November 21, 1903.   Decided January 19, 1904.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Charles N. Butler* for the appellant.

*Mr. Charles P. Byrnes, Mr. John R. Bennett,* and *Mr. Thomas W. Bakewell* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of

Patents in an interference case, wherein the appellant, Benjamin Talbot, and the appellee, Ambrose Monell, contend over the question which of them is the prior inventor of a process for the manufacture of steel, which is described in three several counts as follows:

"1. The method herein described of making steel which consists in introducing into a basic open-hearth furnace iron oxid and lime and molten pig-iron, substantially eliminating phosphorus from the iron while the ore is at a comparatively low temperature; withdrawing at an early stage in the removal of carbon the bulk of the slag containing the eliminated phosphorus, and heating the bath of metal and oxidizing the carbon until the carbon has been reduced to the point at which the metal is to be tapped.

"2. The method herein described of making steel which consists in introducing into a basic open-hearth furnace iron oxid and lime and molten pig-iron, substantially eliminating phosphorus from the iron while the iron is at a comparatively low temperature; withdrawing at an early stage in the removal of carbon the bulk of the slag containing the eliminated phosphorus, without withdrawing the metal, then heating the bath of metal and oxidizing the carbon until the carbon has been reduced to the point at which the metal is to be tapped.

"3. The method herein described of making steel which consists in introducing into a basic open-hearth furnace iron oxid and lime, heating the same, then introducing molten pig-iron, substantially eliminating phosphorus from the iron while the iron is at a comparatively low temperature; and withdrawing, at an early stage in the removal of carbon, the bulk of the slag containing the eliminated phosphorus, heating the bath of metal and oxidizing the carbon until the carbon has been reduced to the point at which the metal is to be tapped."

The counts are substantially the same; and the process in controversy is one which is known as the "basic pig and ore process," as distinguished from the Bessemer process for the manufacture of steel.

Monell, the appellee, has a patent for the invention issued

to him on June 9, 1900, upon an application filed on March 10, 1900. His preliminary statement alleges conception of the invention by him on January 6, 1900; disclosure of it to others on the same day; and reduction to practice on February 1, 1900.

Talbot, the appellant, is the junior applicant. He did not file his application until December 6, 1900, which was six months after the issue of the patent to Monell; and he then merely took the claims and specifications of Monell's patent, and introduced them into his own application. His preliminary statement alleged conception of the issue by him about the year 1888, disclosure to others about the middle of the year 1891, and reduction to practice in January of 1893.

After voluminous testimony taken on both sides, the three several tribunals of the Patent Office concurred in awarding judgment of priority of invention to the appellee, Monell; and from the judgment of the Commissioner Talbot has appealed.

The appellant has the double burden in this court of proving his case beyond a reasonable doubt: First, because he has a patent to overcome; and, second, because of the concurrent decisions of the Patent Office against him. He assumes to bear the burden successfully by seeking to show that the tribunals of the Patent Office, in the first place, construed the issues too broadly, and, in the second place, construed them too narrowly,—an argument which certainly savors to some extent of inconsistency. We do not find that they have done anything of the kind. There does not seem to be any ambiguity about the issues. If there were, it would be proper to construe them in the light of the specifications from which they were taken. The appellant adopted them as his own by taking them bodily from the appellee's specifications, and it was for the specifications to determine their proper construction, and not for the appellant. But we find no such difference or difficulty of construction as the appellant assumes. The tribunals of the Patent Office have simply held that certain operations of the appellant did not fall within the terms of the issue; and in that conclusion we think that they were entirely right. That the appellant himself at one time thought that they were right is clear from a paper in the Journal

of the Steel Institute for 1900 from the pen of the appellant, in which he contrasts his own operations with those of the appellee, and ridicules the latter as inoperative.

We do not deem it necessary to add another opinion to the three full and satisfactory opinions of the tribunals of the Patent Office. We are satisfied to adopt as our own what the Commissioner says in his clear and cogent conclusion in the case. He says:

"The evidence, taken as a whole, fails to show that Talbot was in possession of the invention prior to the date when Monell made it. Aside from the testimony as to the character of the processes performed by Talbot, his conduct in reference to this invention is very significant and entitled to much weight. He claims to have been in possession of it more than ten years ago; but he made no effort to obtain a patent upon it, although he did patent some of the processes which he performed, and which he now claims come within the present issue. When Monell read a paper before the Iron and Steel Institute, describing his process, Talbot ridiculed it as a whole, although he said that it included some steps which he had invented. Even after hearing that paper, Talbot did not come in with his application; but six months later, after he had visited Homestead and seen Monell's process in operation, he made great haste to prepare his application. In preparing that application he did not describe what he had done, but copied the description of Monell's process from Monell's patent."

We have repeatedly held that action such as is here stated on the part of Talbot—and the statement is fully justified by the record—is sufficient ground to discredit the claim of priority of invention.

We are satisfied that the Commissioner's conclusion was right and just, and that it should be affirmed; and that the credit of priority of invention should be awarded to the appellee, Monell.

The clerk of the court will certify this opinion, and the proceedings of the court in the premises, to the Commissioner of Patents according to law.                          *Affirmed.*